**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TALF STUART HINSON,

    Petitioner,

vs.                              Case No.:    3:16-cv-769-J-39JBT
                                                        3:11-cr-122-J-37JBT

UNITED STATES OF AMERICA,

    Respondent.

_____

**ORDER**

      This case is before the Court on Petitioner Talf Stuart Hinson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion) and Supporting Memorandum (Civ. Doc. 14, Memorandum).[1] Hinson argues that the Court incorrectly sentenced him under the Armed Career Criminal Act (ACCA) in light of the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The United States has responded (Civ. Doc. 21, Response), and Hinson has replied (Civ. Doc. 22, Reply). The parties have also filed supplemental briefs (Civ. Doc. 27, Government's Supplemental Response; Civ. Doc. 29, Hinson's Supplemental Response), which the Court has reviewed along with Hinson's supplemental authorities (Civ. Docs. 15, 25) and the government's notice of expanding the record (Civ. Doc. 28). Thus, the matter is ripe for review.

      Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255

---

[1]     Citations to the record in the underlying criminal case, United States v. Talf Stuart Hinson, No. 3:11-cr-122-J-37JBT, will be denoted as "Crim. Doc. \_\_." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:16-cv-769-J-39JBT, will be denoted as "Civ. Doc. \_\_."

1

Proceedings[2], the Court has determined that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief). For the reasons set forth below, Hinson's § 2255 Motion is due to be denied.

## I. Background

On May 24, 2011, a grand jury indicted Hinson on three counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). (Crim. Doc. 1, Indictment). Pursuant to a written plea agreement, Hinson pled guilty to the first count in exchange for the United States agreeing to dismiss the second and third counts. (Crim. Doc. 31, Plea Agreement). The Presentence Investigation Report (PSR) recommended that Hinson be sentenced as an armed career criminal. PSR at ¶ 29. The PSR identified four prior convictions as ACCA predicates: (1) felonious restraint and breaking-and-entering in North Carolina; (2) assault with a deadly weapon inflicting serious injury ("AWDWISI") in North Carolina[3]; (3) felonious child abuse and felonious restraint in North Carolina; and (4) aggravated battery with a deadly weapon in Florida. Id. Hinson did not object to the ACCA enhancement. (See Addendum to PSR); (Crim. Doc. 33, Hinson's Sentencing Memorandum); (Civ. Doc. 28-9, Sentencing Transcript at 5-10). The Court

---

[2] Rule 8(a) of the Rules Governing Section 2255 Proceedings requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

[3] The PSR suggests that Hinson was convicted of assault with a deadly weapon with intent to kill, PSR at ¶¶ 29.b, 36, but the judgment shows that Hinson was ultimately convicted of AWDWISI instead, Civ. Doc. 28-1.

adopted the PSR's sentencing guidelines calculation and sentenced Hinson to the mandatory minimum term of 180 months in prison. Sentencing Transcript at 10, 18.

The Court entered an Amended Judgment on February 8, 2012. (Crim. Doc. 49, Amended Judgment). Hinson did not appeal his conviction or sentence. A little over four years later, Hinson filed the instant § 2255 Motion.

## II.    The ACCA and Johnson

Under 18 U.S.C. § 922(g), a person convicted of being a felon in possession of a firearm is ordinarily subject to a maximum term of imprisonment of 10 years. Under the ACCA, however, that person is subject to an enhanced mandatory minimum sentence of 15 years in prison if he has three or more prior convictions for a violent felony or a serious drug offense, or both. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that

(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)   is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). Subsection (i) is referred to as the "elements clause," the first nine words of subsection (ii) are referred to as the "enumerated offense" clause, and the rest of subsection (ii), which is emphasized above, is referred to as the "residual clause." Mays v. United States, 817 F.3d 728, 731 (11th Cir. 2016).

In Johnson v. United States, the Supreme Court held that the residual clause is unconstitutionally vague. 135 S. Ct. at 2557-58, 2563. However, the Supreme Court made clear that the elements clause and the enumerated offense clause remain unaffected. Id.

3

at 2563. Later, in Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson applies retroactively on collateral review.

For a prisoner to successfully challenge his ACCA sentence based on Johnson, he must prove "more likely than not" that reliance on the residual clause led the sentencing court to impose the ACCA enhancement. Beeman v. United States, 871 F.3d 1215, 1220-22 (11th Cir. 2017), cert. denied, — S. Ct. —, 2019 WL 659904 (Feb. 19, 2019).

> Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a Johnson violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by Johnson) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

Id. at 1221. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." Id. at 1222.

Whether the sentencing court relied on the residual clause is a "historical fact," which is determined by reference to the state of affairs that existed at the time of sentencing. See id. at 1224 n.5. Thus, court decisions rendered afterward holding that an offense does not qualify under the elements clause or the enumerated offense clause "cast[ ] very little light, if any, on th[is] key question of historical fact." Id. A prisoner can prove that the sentencing court relied on the residual clause by pointing to "direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential to application of the ACCA in that case." Id. at 1224 n.4. Alternatively,

4

absent direct evidence, there will "sometimes be sufficient circumstantial evidence to show the specific basis of the enhancement," such as statements in the presentence investigation report (PSR) or concessions by the prosecutor that the elements clause and enumerated offense clause were inapplicable. Id. A prisoner may also circumstantially prove that the ACCA sentence depended on the residual clause "if the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony." Id. at 1224 n.5 (emphasis added). However, if "'the evidence does not clearly explain what happened … the party with the burden loses.'" Id. at 1225 (quoting Romine v. Head, 253 F.3d 1349, 1357 (11th Cir. 2001)).

### III. Timeliness

Before discussing the merits, the Court addresses the United States' argument that Hinson's § 2255 Motion is untimely. Response at 3. The United States asserts that Hinson's § 2255 Motion is untimely because "Johnson does not affect his sentence or excuse the late filing of his motion." Id. at 4.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year statute of limitations for a federal prisoner to file a motion to vacate, set aside, or correct sentence. 28 U.S.C. § 2255(f). The limitations period runs from the latest of four possible triggering dates. Id. Hinson contends that the motion is timely under § 2255(f)(3). § 2255 Motion at 7. Under § 2255(f)(3), a prisoner may file a motion to vacate within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Hinson contends that the motion is timely because he filed it within one year of the Supreme Court's decision in

Johnson, which the Supreme Court held in Welch to be retroactively applicable on collateral review. § 2255 Motion at 7.

The Eleventh Circuit's discussion in Beeman, 871 F.3d at 1219-21, about how to apply the statute of limitations is instructive. In Beeman, the prisoner filed a § 2255 motion raising three arguments:

> First, he contended that the Johnson decision invalidated his ACCA sentences because when he was sentenced in 2009 his Georgia conviction for aggravated assault would have qualified as a violent felony under the residual clause of the ACCA. Second, he pointed out that his aggravated assault conviction was not a violent felony under the enumerated offenses clause because assault is not included in that list of crimes. And third, he argued that a conviction under the Georgia aggravated assault statute does not now qualify as a violent felony under the elements clause. In making that argument about the elements clause he relied heavily on the Supreme Court's 2013 decision in Descamps v. United States, 570 U.S. 254, 133 S. Ct. 2276, 186 L.Ed.2d 438 (2013), which is one in a line of Supreme Court decisions describing how federal courts should determine whether an offense qualifies as a predicate offense under the ACCA's enumerated offenses and elements clauses. See Mathis v. United States, 579 U.S. ——, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016); Descamps, 133 S. Ct. 2276; Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

Beeman, 871 F.3d at 1218.

The Eleventh Circuit determined that Beeman's § 2255 motion was timely to the extent he raised a Johnson claim, but that it was untimely to the extent he raised a Descamps claim. Id. at 1220. The Eleventh Circuit explained that

> [a] Johnson claim and a Descamps claim make two very different assertions. A Johnson claim contends that the defendant was sentenced as an armed career criminal under the residual clause, while a Descamps claim asserts that the defendant was incorrectly sentenced as an armed career criminal under the elements or enumerated offenses clause.

Id. Under § 2255(f)(3), a prisoner may bring a claim based on Johnson within the one-year anniversary of that decision because Johnson announced a newly recognized right that

6

applies retroactively on collateral review. Id. at 1219 (citing Welch, 136 S. Ct. at 1268). However, "the Descamps decision cannot qualify as a triggering date under § 2255(f)(3)" because "Descamps did not set out a newly recognized right." Id. at 1220. "As a result, if [Beeman's] § 2255 motion raised a Johnson claim, that claim was timely, but any other claim the motion raised – including a Descamps claim – was untimely." Id.

The court determined that Beeman had raised both types of claims in his § 2255 motion. Id. "He focused largely on an argument that the 2013 Descamps decision meant that his Georgia conviction for aggravated assault could no longer qualify as a violent felony under the elements clause. That is obviously a Descamps claim." Id. But to the extent Beeman argued that the district court relied on the residual clause to classify his Georgia conviction for aggravated assault as a violent felony, and that Johnson entitled him to be resentenced, "[t]hat sounds like a Johnson claim." Id. Thus the court ruled that Beeman's Descamps claim was time-barred but that his Johnson claim was not. Id.

Like in Beeman, Hinson raises both a Johnson claim and Descamps claims. Hinson argues that his "sentence was enhanced based in part on prior convictions that can only qualify as ACCA predicates under the residual clause," and thus that his ACCA sentence must be vacated in light of Johnson. § 2255 Motion at 4; Memorandum at 1, 3. That certainly sounds like a Johnson claim. But Hinson also argues that his prior convictions for breaking-and-entering, AWDWISI, and aggravated battery with a deadly weapon do not qualify as violent felonies under the elements clause or the enumerated offense clause. Memorandum at 3-14. In doing so, he relies extensively on Descamps and its line of cases. Id. at 3-4, 6, 10, 11, 13. These are Descamps claims.

Accordingly, the Court determines that Hinson's § 2255 Motion is timely to the

7

extent he raises a Johnson claim, i.e., that the Court applied the ACCA enhancement based on the now-defunct residual clause. However, the Court determines that Hinson's § 2255 Motion is time-barred to the extent he raises claims based on Descamps and its progeny. In other words, Hinson's arguments that the Court incorrectly classified his prior convictions for breaking-and-entering, AWDWISI, and aggravated battery as violent felonies under the elements clause or the enumerated offense clause are untimely.

**IV.    The Merits**

Turning to the merits, Hinson is not entitled to relief on his Johnson claim because he has not carried his threshold burden under Beeman. The record does not establish that the residual clause "actually adversely affected the sentence he received." Beeman, 871 F.3d at 1221 (citing In re Thomas, 823 F.3d 1345, 1349 (11th Cir. 2016)).

According to the PSR and the Shepard[4] documents provided by the government, Hinson had four prior felony convictions, consisting of: (1) breaking-and-entering and felonious restraint under North Carolina law; (2) AWDWISI under North Carolina law[5]; (3) felony child abuse and felonious restraint under North Carolina law; and (4) aggravated battery with a deadly weapon under Florida law. PSR at ¶ 29; Civ. Docs. 28-1 through 28-7. Based on these prior convictions, the Probation Office recommended that Hinson be sentenced as an armed career criminal. PSR at ¶ 29. Hinson objected to other statements in the PSR but he did not object to the ACCA enhancement. See Addendum to PSR; Sentencing Transcript at 5-10; Hinson's Sentencing Memorandum. Indeed, Hinson seemed to concede that he qualified as an armed career criminal. See Hinson's

---

[4]     Shepard v. United States, 544 U.S. 13 (2005).
[5]     See Footnote 3, supra.

8

Sentencing Memorandum at 1; Sentencing Transcript at 11.

The Probation Office did not indicate whether the prior convictions qualified as violent felonies under the elements clause, the enumerated offense clause, or the residual clause. Nor did the Probation Office indicate whether the elements clause or enumerated offense clause were inapplicable. The Court also did not identify which clauses applied (or did not apply), probably because Hinson did not contest the ACCA enhancement, creating no reason for the Court to do so.

The only indication about which clauses the Court might have relied on comes from the government's sentencing memorandum. (Crim. Doc. 34; United States' Sentencing Memorandum). And that evidence is only circumstantial, because there is no indication that the Court agreed or disagreed with the government's categorization of the prior convictions. In the sentencing memorandum, the United States argued that Hinson's prior convictions for (1) aggravated battery with a deadly weapon, (2) felonious restraint, (3) AWDWISI, and (4) felonious restraint or breaking-and-entering were violent felonies under the ACCA. United States' Sentencing Memorandum at 5-6. Specifically, the United States argued that Hinson's prior convictions for AWDWISI and aggravated battery with a deadly weapon were violent felonies under the elements clause. Id. at 7-9. The United States also argued that all four convictions qualified as violent felonies under the residual clause. Id. at 9-14. Finally, the United States argued that Hinson's prior conviction for breaking-and-entering qualified as a generic burglary under the enumerated offense clause. Id. at 13 n.7. Among other cases, the United States pointed the Court to United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005), where the Fourth Circuit Court of Appeals held that North Carolina breaking-and-entering is the equivalent of generic burglary under

the ACCA.[6]

Thus, the record does not make clear what role, if any, the residual clause played in the Court's decision to sentence Hinson as an armed career criminal. The United States urged the Court to classify AWDWISI and aggravated battery under the elements clause, the residual clause, or both. The United States urged the Court to classify breaking-and-entering under the enumerated offense clause, the residual clause, or both. The Court never indicated whether it accepted or rejected any of these classifications. Yet, even if the Court accepted the United States' arguments, that still would not clarify matters because the United States advanced alternative bases for classifying the prior convictions. The record therefore does not establish what Hinson must prove under Beeman: that "the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause … to qualify a prior conviction as a violent felony." Beeman, 871 F.3d at 1221 (emphasis added).

Moreover, the case law did not make "clear at the time of sentencing that only the residual clause would authorize a finding that" Hinson's prior convictions were violent felonies. Beeman, 871 F.3d at 1224 n.5 (emphasis added). The Court can locate no binding precedent, or any decision at all, issued on or before the date of sentencing (January 26, 2012) holding that Florida aggravated battery with a deadly weapon, AWDWISI, or North Carolina breaking-and-entering could qualify as a violent felony only under the residual clause. On the other hand, there was case law at the time holding that

---

[6]   The United States also suggested that breaking-and-entering qualified as a generic burglary by citing to United States v. Rainer, 616 F.3d 1212 (11th Cir. 2010), abrogated by United States v. Howard, 742 F.3d 1334, 1343-45 (11th Cir. 2014), where the Eleventh Circuit held that third-degree burglary under Alabama law was a violent felony under the enumerated offense clause.

10

North Carolina breaking-and-entering qualified as a generic burglary under the enumerated offense clause. Thompson, 421 F.3d at 284; United States v. Farrior, 202 F. App'x 643, 644-45 (4th Cir. 2006); United States v. Bowden, 975 F.2d 1080, 1083-85 (4th Cir. 1992). There was also case law around the time that suggested aggravated battery with a deadly weapon and AWDWISI (or a similar crime) could qualify as a violent felony under the elements clause. See United States v. Orozco, 579 F. App'x 172, 174 (4th Cir. 2014) (defendant conceding that AWDWISI was a "crime of violence," apparently under 18 U.S.C. § 16's elements clause); Bland v. United States, 563 F. App'x 842, 843 (2d Cir. 2014) (concluding that North Carolina AWDWISI "[o]bviously … satisfies the 'use, attempted use, or threatened use of physical force' element of the ACCA."); Turner v. Warden, Coleman FCI (Medium), 709 F.3d 1328, 1338-39, 1341 (11th Cir. 2013) (Florida aggravated assault and Florida aggravated battery with a deadly weapon are violent felonies under the ACCA's elements clause), abrogated on other grounds by Johnson, 135 S. Ct. 2551; United States v. Dominguez, 426 F. App'x 715, 717 (11th Cir. 2011) (Florida aggravated assault, specifically, assault with a deadly weapon without intent to kill, categorically involved the threatened use of physical force); United States v. Wright, 181 F. App'x 914, 917 (11th Cir. 2006) (concluding that Florida aggravated battery conviction involved the use, attempted use, or threatened use of physical force against another person). Given the rulings of other courts around the time of Hinson's sentencing, it is just as likely the Court could have classified the aggravated battery and AWDWISI convictions under the elements clause as the residual clause.

The Court recognizes that over two years after Hinson's sentencing, two district courts, joined by the Fifth Circuit Court of Appeals in an unpublished opinion, ruled that

11

AWDWISI does not categorically qualify as a violent felony under the ACCA's elements clause. United States v. Ocampo-Cruz, 561 F. App'x 361, 365-66 (5th Cir. 2014); Hunt v. United States, No. 1:04CR414-1, 2016 WL 4183311 (M.D.N.C. Aug. 5, 2016); United States v. Geddie, 125 F. Supp. 3d 592 (E.D.N.C. 2015). However, the Eleventh Circuit cautioned against relying on decisions issued after a defendant's sentencing that rule out application of the elements clause or the enumerated offense clause. Beeman, 871 F.3d at 1224 n.5. "What we must determine is a historical fact: was [Hinson] in 20[12] sentenced solely per the residual clause?" Id. Later-issued decisions "cast[ ] very little light, if any, on th[is] key question of historical fact" and thus "would not answer the question before us." Id. Indeed, the Eleventh Circuit has affirmed the denial of relief under Johnson even where later-decided precedents meant the petitioner's prior convictions would not have qualified as ACCA predicates under the elements or enumerated offense clauses. E.g., Ziglar v. United States, — F. App'x —, 2018 WL 6505435, at *4 (11th Cir. Dec. 11, 2018).

Accordingly, based on the available record and the state of the law in January 2012, Hinson has not proved more likely than not that the Court imposed the ACCA enhancement based on the residual clause. Beeman, 871 F.3d at 1221-22. The United States identified the elements clause and the enumerated offense clause as a possible basis for qualifying three of Hinson's prior convictions as violent felonies. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." Id. at 1222. That is what happened here. Because Hinson has not carried his threshold burden of proof under

12

Beeman, he is not entitled to relief from his ACCA sentence.[7]

## V. Conclusion

The Court has determined that Hinson has raised a timely Johnson claim and that his claims under Descamps are time-barred. The Court further determines that Hinson has not "show[n] that – more likely than not – it was use of the residual clause that led to the sentencing court's enhancement of his sentence." Beeman, 871 F.3d at 1221-22.

---

[7] Even if Hinson were sentenced today, it appears he would likely still qualify for the ACCA enhancement. Hinson's prior Florida conviction for aggravated battery with a deadly weapon is a violent felony under the elements clause. Turner, 709 F.3d at 1341; see also United States v. Golden, 854 F.3d 1256, 1257 (11th Cir. 2017) (Turner is still binding). Hinson's prior conviction for breaking and entering, in violation of N.C. Gen. Stat. § 14-54(a) (1992), is the equivalent of generic burglary and therefore is a violent felony under the enumerated offense clause. United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014); United States v. Beatty, 702 F. App'x 148, 150-51 (4th Cir. 2017) ("North Carolina Breaking and Entering's 'building' element sweeps no broader than generic burglary's 'building' element.").

Finally, Hinson's prior conviction for felony child abuse, in violation of N.C. Gen. Stat. § 14-318.4(a) (1995), appears to be a violent crime under the elements clause. Felony child abuse is a general intent crime, meaning that the defendant need not specifically intend to cause the child "serious physical injury," one of the elements of the offense. State v. Oakman, 191 N.C. App. 796, 800, 663 S.E.2d 453, 457 (N.C. Ct. App. 2008) (citations omitted). The defendant could be culpably negligent or reckless with respect to causing serious physical injury. Id. at 800-01, 663 S.E.2d at 457. But, the defendant must intend to apply the force or commit the assault that results in the serious injury. N.C. Gen. Stat. § 14-318.4(a) (1995); cf. Oakman, 191 N.C. at 797, 663 S.E.2d at 455 (defendant admitted to being rough with the infant, though he did not intend to hurt him, and physician witnesses found that the infant had been severely shaken). The North Carolina Court of Appeals said as much in State v. Krider: "[T]o prove intent in felonious child abuse, the State does not have to show that defendant intended that the injury be serious, only that he intentionally inflicted an injury that proved to be serious." 138 N.C. App. 37, 43, 530 S.E.2d 569, 573 (N.C. Ct. App. 2000) (citation omitted); see also State v. Williams, 154 N.C. App. 176, 178, 571 S.E.2d 619, 621 (N.C. Ct. App. 2002) ("The element of intent is satisfied if the defendant intentionally causes injury to the child and that injury turns out to be serious."). As such, North Carolina felony child abuse appears analogous to Florida felony battery (another general intent crime), which the Eleventh Circuit held categorically involves the use, attempted use, or threatened use of physical force against another person. United States v. Vail-Bailon, 886 F.3d 1293, 1303-08 (11th Cir. 2017) (en banc). Like Florida felony battery, felony child abuse requires the intentional application of force that happens to result in a serious injury (even if not specifically intended), but this is enough to qualify as the use of violent physical force.

The Court does not resolve the parties' dispute about whether the United States waived reliance on the felony child abuse conviction. See Government's Supplemental Response at 5-12; Hinson's Supplemental Response at 5-9. The Court only makes these observations to suggest that Hinson would still qualify as an armed career criminal under current precedent.

Therefore, in accordance with the Rules Governing Section 2255 Proceedings in the United States District Courts, it is hereby **ORDERED:**

1. Petitioner Talf Stuart Hinson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

2. The Clerk should enter judgment in favor of the United States and against Hinson, and close the file.

3. If Hinson appeals the denial of his motion, the Court denies a certificate of appealability (COA).[8] Because this Court has determined that a COA is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of April, 2019.

BRIAN J. DAVIS
United States District Judge

lc 19

Copies:
Counsel of record
Petitioner

---

[8] This Court should issue a COA only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court finds that a COA is not warranted.